COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Clements
Argued at Alexandria, Virginia


CHRISTOPHER IPPOLITO

                                    MEMORANDUM OPINION* BY
v.    Record No. 0686-00-4        JUDGE JERE M. H. WILLIS, JR.
                                         JANUARY 16, 2001
NADINE CLAIRE BLYN


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   James W. Haley, Jr., Judge

            Timothy W. Barbrow (Joseph A. Vance, IV &
            Associates, on brief), for appellant.

            Matthew B. Lowery (Rinehart, Lowery,
            Strentz & Butler, P.L.C., on brief), for
            appellee.


     Upon Nadine Claire Blyn's motion to enforce a provision of

a separation and property settlement agreement, the trial court

ordered Christopher Ippolito to pay her spousal support.  On

appeal, Mr. Ippolito contends that the trial court erred (1) in

failing to consider the factors set forth in Code § 20-107.1,

(2) in awarding spousal support retroactively, and (3) in

considering Ms. Blyn's claim after he had filed a voluntary

petition in bankruptcy.  Upon reviewing the record and the

briefs, we find the record inadequate to address issues one and

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

two.  We conclude that issue three is without merit and affirm the judgment of the trial court.

## I.  BACKGROUND

Nadine C. Blyn and Christopher Ippolito were married on December 24, 1986.  They separated on August 16, 1998.  On October 23, 1998, they entered into a separation and property settlement agreement that resolved all issues of spousal support and equitable distribution.  On May 24, 1999, a final decree of divorce affirmed, ratified and incorporated by reference the separation and property settlement agreement.

Pursuant to paragraph six of the separation agreement, Ms. Blyn agreed to endorse one or more notes for one or more loans, not to exceed $40,000, for which Mr. Ippolito had previously applied.  Mr. Ippolito agreed to hold Ms. Blyn harmless from any and all liability for this debt.  The parties further agreed that the loan or loans could be secured by real estate that had been conveyed to Ms. Blyn in accordance with the separation agreement.

Paragraph seven of the separation agreement, entitled "SPOUSAL SUPPORT," provides:

> A.  The parties hereby waive any present or future right to receive any support or maintenance from each other, except as specifically provided in this numbered paragraph.
>
> B.  Notwithstanding paragraph number 7.A. hereinabove, in the event Husband fails in any manner to hold the wife harmless and

-

make all payments as required by the lender
of that certain note not exceeding $40,000
described in numbered paragraph six
hereinabove, the parties specifically agree
that the wife may reopen the question of
spousal support and petition a court of
competent jurisdiction for an award of the
same.  The parties further agree that any
such spousal support shall be in an amount
not less than wife's then current liability
under the said note, and as spousal support
shall specifically not be dischargeable in
bankruptcy.

Mr. Ippolito subsequently obtained two loans totaling $40,000.  The notes were endorsed by Ms. Blyn.  Thereafter, Mr. Ippolito stopped making payments on the notes.  From September 1, 1999 to December 10, 1999, Ms. Blyn was required to make six payments of $497.95 each, totaling $2,987.70 on one note, and five payments of $494.05 each, totaling $2,470.25, on the other note.  She also paid $64.55 in late fees on the defaulted loans.

On October 21, 1999, Ms. Blyn moved to enforce the separation agreement.  On November 18, 1999, Mr. Ippolito filed a voluntary petition for bankruptcy in the United States Bankruptcy Court of the Eastern District of Virginia, Richmond Division.

On November 19, 1999, during the hearing before the trial court, Mr. Ippolito conceded that he had not made the required payments on the two notes.  However, he objected to proceeding with the hearing, arguing that his spousal support obligation under the separation agreement was in the nature of a property

-

settlement award and was not in the nature of spousal support.
Therefore, he argued that the hearing was stayed by his
bankruptcy.  The trial court overruled this objection.  It
ordered Mr. Ippolito to pay monthly spousal support of $992, the
amount due each month on the two notes until both loans are paid
completely and released as encumbrances on Ms. Blyn's land.  It
ruled that this spousal support obligation was not dischargeable
in bankruptcy.  It determined that Mr. Ippolito owed $5,520.50
in spousal support arrearages for the period of September 1,
1999 to December 10, 1999.  Mr. Ippolito's appeal addresses that
order.

## II.  STATUTORY FACTORS

An appellate court is not bound by a trial court's
construction of a property settlement agreement.  See Bergman v.
Bergman, 25 Va. App. 204, 211-12, 487 S.E.2d 264, 267-68 (1997).
"'[I]f all the evidence which is necessary to construe a
contract was presented to the trial court and is before the
reviewing court, the meaning and effect of the contract is a
question of law which can be readily ascertained by this
court.'"  Id. at 212, 487 S.E.2d at 268 (quoting Fry v.
Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987)).

The parties produced evidence before the trial court.
However, we have been provided no transcript of that hearing.
At that time, Mr. Ippolito conceded that he had not made the
required payments on the notes.  We have no record of what

-

evidence, if any, the parties submitted concerning the factors set forth in Code § 20-107.1.  The statement of facts recites only Mr. Ippolito's contention "that the support obligation created under the Separation Agreement was in the nature of a property settlement award and was not in the nature of spousal support."  Mr. Ippolito's endorsement of the final order contains only an objection "on grounds that spousal support is unwarranted and is in nature of liquidated damages and not support."  These arguments did not assert before the trial court consideration of the factors set forth in Code § 20-107.1 and did not preserve that question for appeal.  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18.  We perceive no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

### III.  RETROACTIVITY

Mr. Ippolito next contends that the trial court erred in awarding spousal support retroactively to a date which preceded the date on which the motion to enforce was filed or notice of same was given to him.  He did not preserve this issue for appeal.  See Rule 5A:18.  Although he objected to the award of spousal support, neither the recitals in the statement of facts nor his endorsement of the order reflect an objection to the establishment of an arrearage prior to the date of filing.

-

Thus, Rule 5A:18 bars our consideration of this issue.  The

record reflects no reason to invoke the good cause or ends of

justice exceptions to Rule 5A:18.

### IV.  <u>BANKRUPTCY</u>

Mr. Ippolito next contends that the trial court erred in

considering Ms. Blyn's claim after he had filed a voluntary

petition in bankruptcy.  He argues that this filing stayed the

proceeding against him in the trial court.  <u>See</u> 11 U.S.C.

§ 362(a)(1).  We disagree.

Section 362(b)(2)(B) of 11 U.S.C. excepts from the

automatic stay "the collection of alimony, maintenance or

support from property that is not property of the estate."  <u>Id.</u>

To fall within this statutory exception, the monies sought to be

collected must constitute a debt in the nature of alimony,

maintenance or support under 11 U.S.C. § 523(a)(5).

In pertinent part, 11 U.S.C. § 523 provides:

> (a) A discharge under section 727, 1141,
> 1228(a), 1228(b), or 1328(b) of this title
> does not discharge an individual debtor from
> any debt --
>
>    *     *     *     *     *     *     *
>
> (5) to a spouse, former spouse, or child of
> the debtor, for alimony to, maintenance for,
> or support of such spouse or child, in
> connection with a separation agreement,
> divorce decree, or other order of a court of
> record, determination made in accordance
> with State or territorial law by a
> government unit, or property settlement
> agreement, but not to the extent that --

-

      \*     \*     \*     \*     \*     \*     \*

    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . . .

Mr. Ippolito's obligation to Ms. Blyn under paragraph seven of the separation and property settlement agreement is specifically labeled "SPOUSAL SUPPORT" and is "actually in the nature of alimony, maintenance, or support."  It is not a "debt arising out of the resolution of property rights and obligations."  It does not represent a division of the parties' property.  Rather, it is support necessary to permit Ms. Blyn to maintain herself reasonably and properly under her circumstances, which have changed due to her obligation to satisfy the notes that she endorsed.  Therefore, it was not a debt dischargeable in bankruptcy, and the trial court did not err in proceeding against Mr. Ippolito.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-